DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

| | | |
|---|---|---|
| KEEGAN O'BRIEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 2007-35 |
| v. | ) | |
| | ) | |
| THE GOVERNMENT OF THE VIRGIN | ) | |
| ISLANDS and KERRY RHYMER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ATTORNEYS:

**Keegan O'Brien**
St. Thomas, U.S.V.I.
        *Pro se.*

**George Hedley Phillips, Esq.**
St. Thomas, U.S.V.I.
        *For the defendants.*


**MEMORANDUM OPINION & ORDER**

**GÓMEZ, C.J.**

Before the Court is the motion by the Government of the Virgin Islands (the "Government") and Kerry Rhymer ("Rhymer")(collectively "the defendants") to dismiss this matter for want of prosecution.

On February 7, 2007, the plaintiff, Keegan O'Brien ("O'Brien") filed suit asserting several claims against the defendants in connection with what he contends was an unlawful arrest.  The defendants filed an answer to O'Brien's complaint.

*Keegan v. O'Brien*
Civil No. 2007-35
Order
Page 2

In October, 2007, O'Brien's counsel moved to withdraw from this matter.

The Magistrate Judge granted counsel's motion.

Thereafter, the Court, concerned that O'Brien did not receive notice, ordered  that counsel certify to the Court that the motion to withdraw, the Magistrate order, and the Court's order regarding service were effectively served on O'Brien. Counsel duly filed such certification.

Thereafter, there was no activity in the case.

In June, 2009, the Court issued a scheduling Order setting discovery and motions deadlines and scheduling trial for August 2, 2010.

On June 16, 2010, the defendants filed a motion to dismiss this action for O'Brien's failure to prosecute the case.

On June 22, 2010, a status conference was held before the Magistrate Judge.  The plaintiff failed to appear.  The Magistrate Judge issued an Order that O'Brien show cause for his failure to appear, and rescheduled the status conference for July 13, 2010.

O'Brien attended the July 13, 2010, status conference. The Magistrate Judge appears to have had doubts about O'Brien's mental competence.  O'Brien's mother, Colette Angol ("Angol") was also in attendance.  The Magistrate Judge invited Angol to speak

*Keegan v. O'Brien*
Civil No. 2007-35
Order
Page 3

on the record.  Angol indicated that she was trying to aid
O'Brien in retaining counsel in this matter.  She communicated
that she and O'Brien had not received notice of all of the
activity in this matter because the address on file with the
Court was not current.  She further suggested that O'Brien was
"going through a difficult time, a stressful time" and with
respect to pursuing the litigation "could not make such a
decision" on his own.  In discussing potential scheduling
logistics, she noted that "wherever I go I always bring him along
with me because although he is an adult but he can not really
handle himself."  During the course of the status conference,
O'Brien indicated that "I wouldn't like to take the case." When
further questioned by the Magistrate Judge, if he would like to
dismiss the case, he said "Yes . . . because I wouldn't like to
do anything what happened to me, um as bad behavior, I would like
to dismiss . . . ."

　　　The Magistrate Judge continued the trial date to allow
O'Brien an opportunity to find counsel or to advise the Court
whether he wished to dismiss the matter.[1]   A status conference
was scheduled for September 9, 2010.

　　　O'Brien failed to appear at the September 9, 2010 status
conference.

---

[1]The defendants indicated that they did not oppose that continuance.

*Keegan v. O'Brien*
Civil No. 2007-35
Order
Page 4

On January 6, 2011, the matter came on for a status conference before the Magistrate Judge.  Counsel for the Government failed to attend.  The Magistrate Judge however proceeded with the status conference to assess the circumstances surrounding the  initiation of the suit.  During that status conference, O'Brien once again stated that "I would not like to go forward with the case."  When speaking about documents related to the initiation of this suit, O'Brien indicated that he had been averse to signing them, but stated that "I was told to sign the documents because I have to."

Concerned about the circumstances surrounding the commencement of the action, the Court ordered briefing from the parties about whether there was any defect in the initiation of this suit.  O'Brien failed to file a response.  The defendants response noted the well-settled principle that it is improper for an attorney to initiate an action without a party having authorized the attorney to do so.  They urged the Court to dismiss this action based on questions about the initiation of the action as well as O'Brien's failure to prosecute.

The Court will construe O'Brien's statements that he would not like to pursue this case, as a request for relief pursuant to

*Keegan v. O'Brien*
Civil No. 2007-35
Order
Page 5

Federal Rule of Civil Procedure 41.[2]  The defendants clearly do not object to dismissal of this action as they moved for dismissal for O'Brien's failure to prosecute.  As such, there appears to be no impediment to the dismissal of this action.[3]

Even assuming that O'Brien's words could not be considered a request for dismissal, the Court must assess whether dismissal of

---

[2]

 Federal Rule of Civil Procedure 41 provides in pertinent part:

 **(a) Voluntary Dismissal**.

 **(1) *By the Plaintiff.***

 **(A)** *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
 **(i)** a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

 **(ii)** a stipulation of dismissal signed by all parties who have appeared.

 (B) *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

 **(2) *By Court Order; Effect.*** Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

FED. R. CIV. P. 41.

 [3]The Court also notes that questions about whether the Plaintiff ever wished to initiate this action and whether he initiated it wholly at the behest of others offer further support for dismissal.

*Keegan v. O'Brien*
Civil No. 2007-35
Order
Page 6

this action is appropriate by balancing the following factors:

> (1) the extent of the *party's personal responsibility;*
> (2) the *prejudice* to the adversary caused by the failure
> to meet scheduling orders and respond to discovery; (3)
> a *history* of dilatoriness; (4) whether the conduct of the
> party or the attorney was *willful* or in *bad faith;* (5)
> the effectiveness of sanctions other than dismissal,
> which entails an analysis of *alternative sanctions;* and
> (6) the *meritoriousness* of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir.
1984)(explaining that "dismissal is a drastic sanction and should
be reserved for those cases where there is a clear record of
delay or contumacious conduct by the plaintiff") (emphasis in
original) (the "Poulis factors").

"Not all of the [] *Poulis* factors need be met for a district
court to find dismissal warranted." *Hicks v. Feeney*, 850 F.2d
152, 156 (3d Cir. 1988).  However, courts must consider and
balance all six *Poulis* factors before dismissing a case with
prejudice, and all doubts must be resolved in favor of an
adjudication on the merits. *See $8,221,877.16 in U.S. Currency*,
330 F.3d 141, 161 (3d Cir. 2003) ("[W]e have always required
consideration and balancing of all six of the factors, and have
recommended the resolution of any doubts in favor of adjudication
on the merits."); *see also Bjorgung*, 197 F. App'x 124, 125-26 (3d
Cir. 2006)(unreported)("Although '[n]ot all of the Poulis factors
need be satisfied in order to dismiss a complaint' they must all

*Keegan v. O'Brien*
Civil No. 2007-35
Order
Page 7

be considered.")(*Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir.
1992)).

Some of Angol's statements in the record raise questions
about O'Brien's mental competence.

In *Jacobs v. Westchester*, 2005 WL 2172254, at *1 (2d Cir.
2005)(unpublished), the Court of Appeals for the Second Circuit
reviewed a district court's dismissal of a section 1983 claim
against defendants the County of Westchester and Westchester
County Department of Correction and several corrections officers.
The plaintiff was in a prison psychiatric ward at the time that
the district court considered dismissal for the plaintiff's
failure to prosecute.  The record also contained a letter from
the plaintiff's former counsel that stated that the plaintiff was
"'totally incoherent and does not understand the realities of his
situation' as well as 'mentally incapable of pursuing his
claim.'" *Jacobs*, 2005 WL 2172254, at *1.

The Second Circuit discussed the district court's
responsibilities in light of the evidence before it as to the
plaintiff's competence:

> Because the lawyer's letter did not constitute
> "verifiable evidence from a mental health
> professional," and because the court had no evidence
> that Jacobs had been "adjudicated incompetent," the
> district court was not obligated, on the basis of this
> evidence, to conduct *sua sponte* an inquiry into his

*Keegan v. O'Brien*
Civil No. 2007-35
Order
Page 8

> mental competence. It was, however, obligated to
> consider this evidence when determining whether a
> dismissal with prejudice was warranted in the case.

*Id.* (internal citation omitted).  The Second Circuit has its own five-part balancing test for evaluating whether dismissal for failure to prosecute is appropriate.  The *Jacobs* Court remanded the case because the record "contain[ed] too many ambiguities for th[e] Court to determine whether a dismissal with prejudice for failure to prosecute was warranted in this case."  One of the areas of ambiguity was as to the second factor in the balancing test: "whether the plaintiff had received notice that further delays would result in dismissal." *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482 (2d Cir. 1994).  The *Jacobs* Court noted that it was unclear whether the plaintiff understood the consequences of a failure to attend telephonic status conferences or whether he even "had the ability to make the call at the appointed time." *Jacobs*, 2005 WL 2172254, at *2. The court further noted that "[i]t is also unclear whether [the plaintiff] understood the import of his lawyer's letter telling him to secure counsel within six months or face dismissal of his complaint." *Id.*

    Mindful of the reasoning in *Jacobs*, the Court will proceed with an evaluation of whether dismissal is appropriate for O'Brien's failure to prosecute.

*Keegan v. O'Brien*
Civil No. 2007-35
Order
Page 9

## A. Extent of O'Brien's Personal Responsibility

At the time of the filing of this suit, the plaintiff was represented by counsel. O'Brien's comments at the January 6, 2011, hearing seem to suggest that he did not have a substantial role in the initiation of the suit. Soon thereafter, on October 26, 2007, O'Brien's attorney moved to withdraw as counsel. Following the Court's grant of that motion, O'Brien has appeared *pro se*.

Typically, when counsel withdraws, and a party goes forward with an action *pro se*, courts have held the party personally responsible for the conduct of the litigation. *See, e.g., Hoxworth v. Blinder, Robinson & Co.,* 980 F.2d 912, 920 (3d Cir. 1992)( "Defendants had personal responsibility for the conduct of the litigation after their attorney withdrew . . . ."). Applying that standard to the facts here, it appears that O'Brien was personally responsible for the conduct of his litigation following his attorney's withdrawal. While the Court has some pause about reaching that conclusion given statements made by Angol, those statements must rise to the level of competent evidence to be legally relevant. Here, they do not. Indeed, the utterances of Angol about O'Brien's stress do not provide a sufficient evidentiary basis in the record for this Court to conclude that O'Brien is mentally incompetent. Accordingly, this

*Keegan v. O'Brien*
Civil No. 2007-35
Order
Page 10

factor favors dismissal.

## B. Prejudice to the Defendants

The second *Poulis* factor is the prejudice to the adversary caused by the plaintiff's inaction. *Poulis*, 747 F.2d at 868.  The burden associated with impairing an opposing party's ability to prepare a meaningful litigation strategy has been held to be sufficiently prejudicial. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). The defendants have a claim that they have been prejudiced because they lack sufficient information to prepare their defense.  This factor weighs in favor of dismissal.

## C. History of Dilatoriness

In *Poulis,* the district court set discovery deadlines. Notwithstanding the discovery orders, the docket reflected no attempt by the plaintiff to undertake discovery. *Poulis*, 77 F.2d at 865.  "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008). O'Brien has repeatedly failed to respond to Court orders.  This factor supports dismissal.

*Keegan v. O'Brien*
Civil No. 2007-35
Order
Page 11

## D. Willfullness or Bad Faith

The defendants have failed to proffer evidence of bad faith in O'Brien's failure to prosecute.  The Court notes that even if a plaintiff lacks bad faith, "[i]n the face of court-imposed deadlines, repeated failure to observe court imposed deadlines and total failure to pursue a claim beyond the pleading may constitute willful conduct." *Roman v. Reading*, 121 Fed Appx. 995, 960 (3d Cir. 2005).  There is not a clear indication in the record that O'Brien was aware that failure to honor Court deadlines could result in dismissal of this matter.  Accordingly, this factor is inconclusive.

## E. Effectiveness of Sanctions Other than Dismissal

The Magistrate Judge has previously ordered O'Brien to show cause for failure to appear.  With the continuance of the July 13 status conference, the Magistrate Judge afforded O'Brien additional time to make arrangements to prosecute this matter. He has not availed himself of that opportunity.  Where as here, a party, rather than an attorney, is the cause of undue delay, alternative sanctions often prove unsuccessful. *See, e.g., Briscoe*, 538 F.3d at 262 (noting that where an attorney causes delay, sanctions such as expenses may be appropriate, however where a party causing undue delay is proceeding *pro se* and *in forma pauperis*, there tends to be no effective alternative

*Keegan v. O'Brien*
Civil No. 2007-35
Order
Page 12

sanction).  This factor supports dismissal.

**F. Meritoriousness of Plantiff's Claim**

Finally, on a Rule 41(b) motion, "in determining whether a plaintiff's claim is meritorious, we use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Id.* at 263. "To survive a motion to dismiss a complaint must contain sufficient factual matter accepted as true to state a claim to relief that is plausible on its face ." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(internal quotations omitted).

Count One alleges a section 1983 claim.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

O'Brien alleges that Rhymer is an officer of the Virgin Islands Police Department.  He further asserts that Rhymer, while acting in the scope of his employment, effected an unconstitutional search and allegedly found a controlled substance in O'Brien's bag.  Thereafter, Rhymer arrested O'Brien. O'Brien's alleges a 1983 claim based on Rhymer's use of excessive force in allegedly shoving O'Brien down a stairway of the jailhouse while O'Brien was handcuffed, and was not resisting

*Keegan v. O'Brien*
Civil No. 2007-35
Order
Page 13

arrest.  To state a Fourth Amendment civil rights violation,
O'Brien must allege that a "'seizure' occurred and that it was
unreasonable.'" *Curley v. Klem*, 499 F.3d 199, 203 (3d Cir.
2007)(citation and internal quotation marks omitted).  The push
down the stairs that O'Brien alleges arguably is sufficient to
state a claim for excessive force. *Cf. Flood v. Schaefer*, 367 F.
App'x 315, 319 (3d Cir. 2010)("[I]f as [the plaintiff] alleges,
police were aware that he had a severe back injury and handcuffed
him in a manner that caused excessive pain and suffering, he
could succeed in proving that the officers violated the Fourth
Amendment."). *But see Graham v. Connor*, 490 U.S. 386, 396
(1989)(internal citation omitted)("Not every push or shove, even
if it may later seem unnecessary . . . violates the Fourth
Amendment.").

   In Count Two of his Complaint, O'Brien pleads assault and
battery.  The Restatement(Second) of Torts provides:

> 1) An actor is subject to liability to another for
> assault if
>    (a) he acts intending to cause a harmful or
>    offensive contact with the person of the other or a
>    third person, or an imminent apprehension of such a
>    contact, and
>    (b) the other is thereby put in such imminent
>    apprehension.
>
>    (2) An action which is not done with the intention
>    stated in Subsection (1, a) does not make the actor
>    liable to the other for an apprehension caused thereby

*Keegan v. O'Brien*
Civil No. 2007-35
Order
Page 14

> although the act involves an unreasonable risk of
> causing it and, therefore, would be negligent or
> reckless if the risk threatened bodily harm.

Restatement (Second) of Torts § 21 (1965).

In *Thomas v. Gov't of the V.I.*, 24 V.I. 254 (V.I. Terr. Ct. 1989), the plaintiff was arrested by police officers for purchasing Puerto Rican lottery tickets.  However, such purchase was not an offense under Virgin Islands law.  The plaintiff then brought suit against the arresting officer and the Government of the Virgin Islands in the Territorial Court of the Virgin Islands[4] for false imprisonment and assault and battery.

In addressing the plaintiff's assault and battery claim, the Territorial Court noted that, "[d]uring an unlawful arrest, an assault and battery technically is committed when the arrestee is handcuffed, or placed in a police car, or otherwise touched and restrained.  The test for whether the offensive physical contact constitutes actionable assault and battery is whether the officer's actions were more than an integral part of and 'inextricably intertwined' with the arrest process itself." *Thomas v. Gov't of the V.I.*, 24 V.I. 254, 261 (V.I. Terr. Ct.

---

[4] Prior to 2005, the trial court was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges.  Effective January 1, 2005, however, the name of the Territorial Court changed to Superior Court of the Virgin Islands. *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004).

*Keegan v. O'Brien*
Civil No. 2007-35
Order
Page 15

1989)(internal citations omitted).  Here, O'Brien alleges an
unlawful arrest. Furthermore, he alleges aggressive physical
contact at the police station -- an incident seemingly attenuated
from the arrest process.  His claim in Count Two thus appears
sufficient to withstand a 12(b)(6) challenge.

In Count Three, O'Brien pleads unlawful arrest.  He seems to
raise another section 1983 claim mirroring the claim raised in
Count One, in as much as that claim challenges Rhymer's allegedly
unlawful search and seizure[5].  For similar reasons, the Court
finds that O'Brien has stated a claim that would survive 12(b)(6)
review.

Finally, O'Brien pleads intentional infliction of emotional
distress.  The Restatement (Second) of Torts states that "[o]ne
who by extreme and outrageous conduct intentionally or recklessly
causes severe emotional distress to another is subject to
liability for such emotional distress, and if bodily harm to the
other results from it, for such bodily harm." Restatement
(Second) of Torts § 46 (1965).  "In order to prevail on a claim
for intentional infliction of emotional distress in the Virgin
Islands, the aggrieved conduct 'by itself must have been so

_____

[5] Given the similar constitutional challenges raised in Counts One and
Three, the Court notes the potential overlap between those claims.  However,
as the Court need not reach the issue in undertaking its *Poulis* inquiry, the
Court will decline to weigh in on the possibly duplicative nature of the
claims set forth in those counts.

*Keegan v. O'Brien*
Civil No. 2007-35
Order
Page 16

outrageous and so beyond all bounds of decency to be considered atrocious and utterly intolerable in a civilized society.'" *Thomas Hyll Funeral Home, Inc. v. Bradford*, 233 F. Supp. 2d 704, 714 (D.V.I. 2002).  O'Brien's allegation that Rhymer shoved him down a flight of stairs, while O'Brien was handcuffed, asserts such outrageous conduct.  In light of the Court's favorable analysis of the meritoriousness of O'Brien's claims, this factor weighs against dismissal.

None of the *Poulis* factors is alone dispositive. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008).  However, "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Id.* (quotation omitted).  Four of the six *Poulis* factors favor dismissal.  Although O'Brien has asserted facially meritorious claims, the Court cannot disregard his long pattern of neglect of this action.  As such the Court finds dismissal of this action appropriate. *See Emerson v. Thiel College*, 296 F.3d 184, 191 (2002)(affirming the district court's dismissal of an action, even where the district court found the plaintiff's allegations were facially meritorious).

*Keegan v. O'Brien*
Civil No. 2007-35
Order
Page 17

The premises considered, it is hereby

　　**ORDERED** that this matter is dismissed; and it is further

　　**ORDERED** that the Clerk of Court shall close this case.


　　　　　　　　　　　　　　**S\_____**
　　　　　　　　　　　　　　　**CURTIS V. GÓMEZ**
　　　　　　　　　　　　　　　　**Chief Judge**